## No. 9860.

### THE STATE EX REL. T. L. BROUSSARD VS. THE JUDGE OF THE TWENTY-FIRST DISTRICT COURT.

An interlocutory decree which admits a reconstructed record to replace a mislaid or destroyed record, does not belong to the class of orders, the execution of which can cause irreparable injury and be arrested by a suspensive appeal.

APPLICATION for Mandamus.

*Felix Voorhies* and *Robert S. Perry* for the Relator.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The relator prays that a *mandamus* issue to compel the respondent judge to grant a suspensive appeal from an interlocutory order which was made in the course of the suit of Halphen vs. Guilbeau and Broussard, a contested election case, and which admitted a reconstructed record, to supply one which had been lost, mislaid or destroyed.

The order complained of does not belong to that class of decrees, the execution of which may cause irreparable injury. It simply declares that certain papers and documents shall be taken as substitutes for similar ones which have disappeared, and without which the suit could not be proceeded with. It cannot cause any irreparable wrong,

15

and therefore cannot be susp. usinely appealed from. If it was erroneously rendered, it can be revised and corrected on appeal from a final judgment adverse to relator.

In the case of Halphen vs. Guilbeau and Broussard, 37 Ann. 711, we had occasion to express our views touching the mode of rebuilding or replacing the wanted record.

It is no doubt in furtherance of those views and of the decree in that case that steps were taken to reconstruct the disappeared record, and that the decree now complained of was made.

If an appeal, suspensive in character,.was allowable and granted, the whole proceedings would necessarily be stayed, until the final determination of the question presented by it and the delay consumed in the meantime would cause great injury to the plaintiff in the suit, if he be entitled to the office.

The order complained of, not being one which, by its execution can cause irremedial wrong, cannot be suspensively appealed from.

It is therefore ordered that the application for a *mandamus* be refused with costs.